## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES RUDOLPH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:24-cv-00267-KD-C** |
| **v.** | ) | |
| | ) | |
| **1PROFENCE,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff/counterclaim defendant James Rudolph's ("Plaintiff") Motion to Dismiss Counterclaim for Lack of Jurisdiction. (Doc. 21). For the reasons stated below, it is recommended that plaintiff's motion be **GRANTED**.

### I.  PROCEDURAL HISTORY

Plaintiff filed his complaint on August 1, 2024, alleging race discrimination, hostile work environment, and retaliation in violation of Title VII and 42 U.S.C. § 1981. (Doc. 1). Defendant 1Profence ("Defendant") filed an answer and counterclaim on December 16, 2024, as well as a partial motion to dismiss Count II and a partial motion for summary judgment. (Doc. 12-16). Defendant contends in its counterclaim that Plaintiff borrowed $913 from Defendant that he did not repay.

Plaintiff filed a motion to dismiss the counterclaim, arguing that this Court lacks subject matter jurisdiction over this permissive counterclaim. Defendant did not file a response.

## II.    DISCUSSION

"Federal courts have limited subject matter jurisdiction and are empowered to hear only those cases within its statutory or constitutional authority." *Bell v. Birmingham Bd. of Educ.*, No. 23-10118, 2023 U.S. App. LEXIS 29644, at *2 (11th Cir. Nov. 7, 2023) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Congress has granted federal courts jurisdiction "over cases raising federal questions or cases involving diverse citizens where the amount in controversy exceeds $75,000." *Id.* (citing 28 U.S.C. §§ 1331, 1332(a)).

Furthermore, Rule 13 of the *Federal Rules of Civil Procedure* recognizes two types of counterclaims: compulsory and permissive. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Any other type of counterclaim is merely a permissive counterclaim. Fed. R. Civ. P. 13(b). Historically, federal courts have held that a permissive counterclaim "had to have an independent federal jurisdictional basis before a federal court could hear it." *Barr v. Hagan*, 322 F. Supp. 2d 1280, 1284 (M.D. Ala. 2004) (citing *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1, 94 S. Ct. 2504 n.1, 41 L. Ed. 2d 243 (1974); *East-Bibb Twiggs*

*Neighborhood Ass'n v. Macon Bibb Planning & Zoning Com'n,* 888 F.2d 1576, 1578 (11th Cir. 1989)).

"However, in 1990, Congress adopted 28 U.S.C.A. § 1367, which codified the judicially crafted doctrines of ancillary and pendent jurisdiction under the title of 'supplemental jurisdiction.'" *Barr*, 322 F. Supp. 2d at 1284. Section 1367 provides that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367.

In this case, this Court lacks subject matter jurisdiction over Defendant's counterclaim under either analysis. First, Defendant's purported loan of money to Plaintiff is completely unrelated to Plaintiff's claims of race discrimination, hostile work environment, and retaliation. Thus, under the analysis of § 1367, Defendant's claim is not part of the same case or controversy as Plaintiff's claims.

Second, since the counterclaim is unrelated to Plaintiff's claims, this Court must have an independent jurisdictional basis in order to hear Defendant's counterclaim, but no such jurisdictional basis exists here. *See Barr*, 322 F. Supp. 2d at 1284. Defendant's claim is not a federal question, 28 U.S.C. § 1331, nor is there diversity jurisdiction since both parties are located in Alabama and the amount at

issue is $913, 28 U.S.C. § 1332. Accordingly, this Court lacks jurisdiction over Defendant's counterclaim.

## III.    CONCLUSION

Because this Court does not have subject matter jurisdiction over Defendant's permissive counterclaim, it is recommended that Plaintiff's Motion to Dismiss Counterclaim (Doc. 21) be **GRANTED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice."  11ᵗʰ Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 14th day of March, 2025.

**/s/WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**