**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JAMES RUDOLPH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 1:24-cv-00267-KD-C** |
| **v.** | ) |
| | ) |
| **1PROFENCE,** | ) **JURY DEMAND** |
| | ) |
| **Defendant.** | ) |

**ORDER SETTING SETTLEMENT CONFERENCE**

At the request of the parties, this case is hereby set for a settlement conference before the undersigned Magistrate Judge on **June 5, 2026,** at **10:00 a.m.**, in courtroom 3A, United States Courthouse, 155 Saint Joseph Street, Mobile, Alabama. **All parties including, for non-natural person parties, the person with ultimate settlement authority**, and their lead counsel are hereby **ORDERED** to be present in-person for the **entirety** of the settlement conference.

**SETTLEMENT CONFERENCE PREPARATION**

The vast majority of all civil suits filed in this Court are settled or otherwise resolved prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared obtains the best result. The Court has found that the following steps are essential to a successful settlement conference.

A.      **FORMAT**

**1. PRESETTLEMENT CONFERENCE DEMAND AND OFFER.** A settlement conference is more likely to be productive if, before the conference, the parties have had

1

a written exchange of their settlement proposals. Accordingly, no later than **5:00 p.m. on May 21, 2026**, Plaintiff's counsel shall submit a written settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than **5:00 p.m. on May 28, 2026**, Defendant's counsel shall submit a written settlement offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement. If settlement is not achieved, Plaintiff's counsel shall e-mail (william_cassady@alsd.uscourts.gov) copies of these letters to the undersigned's chambers no later than **10:00 a.m. on June 4, 2026**. Do not file copies of these letters in the Clerk's Office.

     **2. ATTENDANCE OF PARTIES REQUIRED.** Parties with ultimate settlement authority *must* be present, in-person, and *must* participate in good faith at the conference. *See Pinero v. Corp. Courts at Miami Lakes, Inc.,* 389 F. App'x 886, 888-889 (11th Cir. July 22, 2010) ("[W]e have concluded that to ensure that the goals of Rule 16 are not frustrated, district courts have the inherent authority to order any party retaining full settlement authority to produce an individual at the pretrial conference substantially prepared to discuss settlement options; this individual may be the party himself." (citations, internal quotation marks, brackets and ellipses omitted)). A representative of the insurer who is authorized to negotiate and settle all claims must appear for the entirety of the video conference for an insured party, and a representative authorized to negotiate and settle all claims must appear for the entirety of the video conference for an uninsured corporate party or a governmental party.

     **3. MEDIATION FORMAT.** The Court will generally use a mediation format, and the Court expects the lawyers and the parties to be fully prepared to participate. The Court

encourages all parties to keep an open mind in order to re-assess their previous positions and to find creative means for resolving the dispute.

**4. STATEMENTS INADMISSIBLE.** Statements made by any party during the settlement conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

**B.    ISSUES TO BE DISCUSSED AT SETTLEMENT CONFERENCE**

Parties should be prepared to discuss the following at the settlement conference:

1.    What are your objectives in the litigation?

2.    What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of your case?

3.    Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4.    What are the points of agreement and disagreement between the parties?

5.    What are the impediments to settlement?

6.    What remedies are available through litigation or otherwise?

7.    Are there possibilities for a creative resolution of the dispute?

8.    Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9.    Are there outstanding liens? Do we need to include a representative of the lienholder?

**C.    INVOLVEMENT OF CLIENTS**

For many clients, this will be the first time they have participated in a court

3

supervised settlement conference. Therefore, **counsel shall provide a copy of this Order to the client and shall discuss the points contained herein with the client prior to the settlement conference.**

**DONE** and **ORDERED** this the **13th** day of **May 2026**.

**s/ WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**

4